UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATANYA MATHEWS,

    Plaintiff,                                 CIVIL ACTION NO. 14-cv-13040

    v.                                         DISTRICT JUDGE GERALD E. ROSEN

MG UTICA, LLC, et al.,             MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [21]

This matter comes before the Court on Plaintiff Latanya Mathews's Second Motion to Compel Defendants to Respond to Plaintiff's Interrogatories and Requests to Produce and For Costs. (Docket no. 21.) Defendants responded to Plaintiff's Motion (docket no. 27), and Plaintiff replied to Defendants' Response (docket no. 30). The parties have also filed a Joint Statement of Resolved and Unresolved Issues regarding Plaintiff's Motion. (Docket no. 32.) The Motion has been referred for consideration. (Docket no. 25.) The pleadings have been reviewed and the Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

### I.    BACKGROUND

Plaintiff initiated this matter on August 5, 2014. In her Amended Complaint, Plaintiff sets forth claims of a hostile work environment and retaliation under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991; she also alleges that Defendants violated Michigan's Whistle-Blowers' Protection Act, Mich. Comp. Laws § 15.361,

*et seq.* (*See* docket no. 3.) Plaintiff served her First Set of Interrogatories and First Request for Production of Documents on Defendants on November 26, 2014. (Docket no. 21 at 2; docket no. 21-1.) Having not received responses to her discovery requests, Plaintiff filed a Motion to Compel on January 12, 2015. (Docket no. 19.) The Court granted Plaintiff's Motion the following day. (Docket no. 20.) Plaintiff then filed the instant Motion to Compel Defendants to Respond to Plaintiff's Interrogatories and Requests to Produce and For Costs on February 10, 2015, alleging that Defendants' discovery responses are deficient. (Docket no. 21.) Defendants responded to Plaintiff's Motion on February 24, 2015 (docket no. 27), and Plaintiff replied to Defendants' Response on March 3, 2015 (docket no. 30). The parties filed a Joint Statement of Resolved and Unresolved Issues regarding the instant Motion on March 24, 2015. (Docket no. 32.)

## II.  GOVERNING LAW

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). Rule 30 allows a party to conduct a deposition of any person without leave of the Court, subject to certain exceptions. Fed.R.Civ.P. 30(a)(1). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, or if the person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery or noticed the deposition the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(a)(5)(A).

**III.   ANALYSIS**

According to the parties' Joint Statement of Resolved and Unresolved Issues, many of the issues set forth by Plaintiff in the instant Motion have been resolved. (Docket no. 32 at 2-3.) The parties indicate that issues remain regarding Plaintiff's Interrogatory nos. 2, 4, 5, 7, 8, and 14, and Request to Produce nos. 2, 15, and 20. (*Id*. at 3-6.) For each of the unresolved issues, Plaintiff asserts that Defendants must further supplement their discovery responses and/or should fully respond, if possible. (*Id*.) For each issue, Defendants agree to further supplement their discovery responses if any additional information or documents are discovered. (*Id*.) Essentially, the parties have resolved all substantive issues related to Plaintiff's Motion. The Court will, therefore, grant Plaintiff's Motion to Compel with regard to the parties' unresolved

issues and will order Defendants to supplement their responses to Plaintiff's Interrogatory nos. 2, 4, 5, 7, 8, and 14, and Request to Produce nos. 2, 15, and 20 to the extent any additional information or documents exist and are within Defendants' custody, possession, or control.  The Court will deny Plaintiff's Motion with respect to fees and costs.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [21] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. To the extent Defendants possess any additional information or documents responsive to Plaintiff's Interrogatory nos. 2, 4, 5, 7, 8, and 14, and Request to Produce nos. 2, 15, and 20, Defendants will produce said information or documents within fourteen (14) days of this Order.

b. Plaintiff's Motion for attorney fees and costs is DENIED.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  May 8, 2015           s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated:  May 8, 2015           s/ Lisa C. Bartlett
                              Case Manager